# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS (BOSTON)

IN RE:

Edward F. Galvin

Federal National Mortgage Association,   CHAPTER 13
                                          CASE NO. 16-13884-FJB
VS.

Edward F. Galvin

## MOTION FOR RELIEF FROM STAY

To the Honorable Frank J. Bailey:

Federal National Mortgage Association, your moving party in the within Motion, hereby requests that the Court grant relief from the Automatic Stay imposed by 11 U.S.C. 362 and any applicable Co-debtor Stay imposed by 11 U.S.C. §1301 and respectfully represents:

1. The movant has a mailing address of P.O. Box 1047, Hartford, CT 06143.

2. The debtor, Edward F. Galvin, has a mailing address of 75 Talbot St , Brockton, MA 02301.

3. On October 10, 2016, the debtor filed a petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.

4. The debtor's Chapter 13 plan has not been confirmed.

5. The movant is the holder of a first mortgage on real estate in the original amount of $160,000.00 given by Edward F. Galvin and Carole A. Galvin to Plymouth Savings Bank on or about February 22, 2002. Said mortgage is recorded with the Carroll County Registry of Deeds at

Book 2002, Page 409, as affected by a loan modification agreement dated on or about March 22, 2013, and covers the premises located at 32 Humphrey Road fka 10 Littlefield Drive, Bartlett, NH 03812.

6.   Said mortgage secures a note given by Edward F. Galvin and Carole A. Galvin to Plymouth Savings Bank in the original amount of $160,000.00.

7.   There is no other collateral securing the obligation.

8.   Said mortgage was assigned by Eastern Bank, a Massachusetts Corporation, Successor by Merger to Plymouth Savings Bank to ABN AMRO Mortgage Group, Inc., a Delaware Corporation. Said assignment is recorded with the Carroll County Registry of Deeds at Book 2538, Page 0304. Further, the mortgage was assigned by CitiMortgage, Inc., successor in interest by merger to ABN AMRO Mortgage Group, Inc., its successors and assigns to your movant. Said assignment is recorded with the Carroll County Registry of Deeds at Book 3008, Page 636. A copy of the mortgage, loan modification agreement, note and assignments are annexed hereto and marked as **Exhibit 'A'.**

9.   The movant is unaware of a recorded Declaration of Homestead.

10.   As of August 10, 2017, approximately $89,226.67 in principal, interest, late fees and other charges was due with regard to Federal National Mortgage Association's note and mortgage.

11.   There are no other known encumbrances on the property.

12.   The pre-petition arrearage is $9,134.88.

13.   According to the debtor's schedules, the fair market value of the subject property is $281,395.00. The liquidation value of the subject property is $262,728.14, calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps ($1,283.16) and anticipated costs

incurred for a real estate closing of $500.00.

14. The last post-petition payment received by the movant was a payment in the amount of $731.06, received on or about April 18, 2017, and was applied to the May 1, 2017 post petition payment.

15. The total post-petition arrearage due as of August 10, 2017 is $2,526.60, excluding attorney's fees and costs. As a result of this motion, attorney's fees and costs of approximately $1,031.00 have accrued. This figure may increase as additional attorney's fees and costs continue to accrue.

16. The total post-petition arrearage through the anticipated hearing on this motion would also include any additional monthly mortgage payments in the amount of $851.70, which payments are due on the first of every month. The post-petition arrearage would also include any additional expenses, attorney's fees and costs that accrue from the date of the filing of this motion through the date of the hearing.

17. The property is not necessary for a successful reorganization of the debtor.

18. The movant seeks relief from stay as a secured creditor to enforce its rights under its loan documents and applicable law. In support thereof, the movant states that it is entitled to relief as follows:

    I. Pursuant to 11 U.S.C. 362 (d)(1) for cause on the basis that the debtor has not made any post petition payments, and that the debtor has failed to provide the plaintiff with adequate protection.

    WHEREFORE, the movant prays that it, and its successors and/or assigns, be granted relief from the stay for the purpose of: (i) exercising its rights under its agreements with the debtor and any co-debtors under applicable law, including, without limitation, taking possession of the

mortgaged premises and/or foreclosing or accepting a deed in lieu of foreclosure of its mortgage on said premises; (ii) preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a); (iii) bringing such actions, including, without limitation, summary process proceedings, as are permissible by law; and (iv) that the Court order such other and further relief as may be just and proper.

                    Respectfully submitted,

                    Federal National Mortgage Association,
                    By its attorney

                    /s/Joshua Ryan-Polczinski
                    Joshua Ryan-Polczinski, Esquire
                    BBO# 678007
                    Harmon Law Offices, P.C.
                    P.O. Box 610389
                    Newton Highlands, MA 02461-0389
                    (617) 558-0500
                    mabk@harmonlaw.com

Dated: September 25, 2017

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (BOSTON)**

| | |
|---|---|
| IN RE:<br><br>Edward F. Galvin | CHAPTER 13<br>CASE NO. 16-13884-FJB |

**CERTIFICATE OF SERVICE**

      I, Joshua Ryan-Polczinski, Esquire, state that on September 25, 2017, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of Massachusetts on behalf of Federal National Mortgage Association using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

John Fitzgerald, Esquire, Assistant U.S. Trustee
Carolyn Bankowski, Esquire, Chapter 13 Trustee
Matthew C. Swanson, Esquire for the Debtor

      I certify that I have mailed by first class mail, postage prepaid, the documents electronically filed with the Court on the following non CM/ECF participants:

                                        /s/Joshua Ryan-Polczinski_____
                                        Joshua Ryan-Polczinski, Esquire
                                        BBO# 678007
                                        Harmon Law Offices, P.C.
                                        P.O. Box 610389
                                        Newton Highlands, MA 02461-0389
                                        (617) 558-0500
                                        mabk@harmonlaw.com

Edward F. Galvin
75 Talbot St
Brockton, MA 02301

Carole A. Galvin
32 Humphrey Road fka 10 Littlefield Drive
Bartlett, NH 03812

Town of Bartlett Tax Collector
56 Town Hall Rd
Intervale, NH 03845-6100

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS (BOSTON)**

In re:

Edward F. Galvin,

Debtor.

CHAPTER 13
CASE NO. 16-13884-FJB

**Order Granting Federal National Mortgage Association Relief**
**From Stay And Leave To Foreclose Mortgage**

This matter has come before the Court, and after full consideration, and no objections having been filed after proper notice, it is hereby ordered that Federal National Mortgage Association, its Successors and/or Assigns, Motion for Relief From Stay is hereby granted and the stay imposed by 11 U.S.C. §362 and/or 11 U.S.C. §1301 is hereby terminated and it may proceed to foreclose or accept a deed in lieu of foreclosure of the mortgage given by Edward F. Galvin and Carole A. Galvin to Plymouth Savings Bank dated February 22, 2002 and recorded with the Carroll County Registry of Deeds at Book 2002, Page 409 and which covers the premises located at 32 Humphrey Road fka 10 Littlefield Drive, Bartlett, NH 03812, and may exercise its rights under said Mortgage, including preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a), and may bring such actions, including, without limitation, summary process proceedings, as are permissible by law, all as set forth in its Motion.

_____

Honorable Frank J. Bailey
United States Bankruptcy Judge

201607-0068